IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE DECOSTA,<br><br>    Plaintiff,<br>  v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC, BARCLAYS BANK DELAWARE, CREDIT ONE BANK, N.A., SYNCHRONY BANK, CITIBANK, N.A., PORTFOLIO RECOVERY ASSOCIATES, LLC, AND LVNV FUNDING, LLC,<br><br>    Defendants. | C.A. No. 25-1401-JLH |

## MEMORANDUM ORDER

Pending before the Court is Defendant LVNV Funding, LLC's ("LVNV") Motion to Transfer Venue to the District of Massachusetts and Stay Pending Disposition of the Transfer Motion. (D.I. 48.) The motion has been fully briefed. (D.I. 49, 53, 57.) For the reasons below, the Motion will be DENIED.

  1.  Section 1404(a) of Title 28 provides (in pertinent part) that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In evaluating a motion to transfer, the Court must first determine whether the case could have been brought in the district to which the movant wishes to transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). If so, the Court then considers the non-exclusive list of twelve factors set forth in *Jumara* in determining whether to transfer. Six of those interests are private in nature:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879 (internal citations omitted). The other six are public in nature:

> [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (internal citations omitted). Factor [1] is usually given "paramount consideration." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *see also Jumara*, 55 F.3d at 879 (explaining that the plaintiff's choice of venue "should not be lightly disturbed") (citations omitted).

    2.    A defendant bears a heavy burden to establish that these interests weigh in favor of transfer. "[U]nless the balance of convenience of the parties is *strongly* in favor of [the] defendant[s], the plaintiff's choice of forum should prevail." *Applied Predictive Tech., Inc. v. MarketDial, Inc.*, No. 18-963-CFC, 2019 WL 2745724, at *1 (D. Del. Jul. 1, 2019) (quoting *Shutte*, 431 F.2d at 25) (emphasis and alteration in original) (internal quotation marks omitted).

    3.    The parties do not dispute that this action could have been brought in the District of Massachusetts.[1] (D.I. 49 at 7–8; D.I. 53.)

    4.    Turning to the *Jumara* factors, I've considered each one and find that, on balance, they weigh against transfer. Factor [1] weighs against transfer.

---

[1] Plaintiff does not address this step at all in her response.

5. Factor [2] I consider neutral, as Defendant LVNV seeks transfer, Defendant Barclays does not consent to transfer, and the remaining defendants either don't oppose or appear to take no position.[2] Factor [3] is neutral at best, as the claims arise with the business practices of each defendant, and each defendant is alleged to be organized under the laws of either Delaware or another state that's not Massachusetts. (*See* D.I. 1 ¶¶ 20–43.) Factor [4] slightly favors transfer; it's undeniable Massachusetts is a more convenient forum for Plaintiff because she resides there. The convenience of the defendants, however, is neutral because they would have to expend roughly the same amount of resources to litigate in Massachusetts as they would in Delaware—with the exception of Barclays, who would arguably have to expend more to litigate in Massachusetts than it would to litigate in Delaware.

6. Factors [5], [6], [7], and [8] are all neutral, as neither party has identified witnesses or discovery that would not be available in Delaware; the enforceability of the judgment would be the same regardless of forum; and the only practical considerations Defendant points to are that of hypothetical witnesses and records it argues are located in Massachusetts.[3]

7. While Factors [9] and [10] do favor transfer, Factor [11] is neutral. Lastly, Factor [12] is inapplicable and therefore neutral.

8. With only three of the *Jumara* factors potentially favoring transfer, I find that Defendant has failed to meet its heavy burden of establishing that the balance of convenience is "strongly" in favor of transfer. The motion to transfer is therefore DENIED.

---

[2] According to LVNV, Defendants Experian, Synchrony, Citibank, Credit One, and Portfolio Recovery Associates do not oppose transfer, and Defendants Equifax and TransUnion have not stated their position.

[3] LVNV avers, in somewhat conclusory fashion, that witnesses likely to have information relevant to Plaintiff's claims for damages are likely to reside in Massachusetts and would therefore be beyond the subpoena power of this Court, favoring transfer. Even if true, the majority of witnesses are likely to be employees of the defendant companies.

9. The motion to stay pending disposition of the motion to transfer is DENIED as moot.

Dated: February 25, 2026

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE